**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **C.R.**

**No. 24-99** (Kanawha County 23-JA-126)

## MEMORANDUM DECISION

Petitioner Father J.R.[1] appeals the Circuit Court of Kanawha County's February 1, 2024, order terminating his parental rights to C.R., arguing that the court erroneously terminated his rights without providing him additional time to rectify the conditions for which he was adjudicated.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2023, the DHS filed a petition after C.R. was born drug affected. According to the petition, C.R.'s umbilical cord tested positive for amphetamine, methamphetamine, fentanyl, and norfentanyl and the mother admitted to using methamphetamine during her pregnancy. The DHS alleged that the petitioner knew of the mother's substance abuse while pregnant and failed to protect the child by knowingly allowing her to continue using controlled substances. Following the preliminary hearing, the circuit court ordered the DHS to provide services to the petitioner, including supervised visitation, random drug screening, and parenting and adult life skills classes.

The circuit court held an adjudicatory hearing in November 2023, following three continuances resulting from the petitioner's incarceration. At this hearing, the circuit court took judicial notice of the mother's prior testimony that the petitioner was aware of her use of methamphetamine and used drugs with her while she was pregnant. The petitioner testified that he

---

[1] The petitioner appears by counsel Jason S. Lord. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Kristen E. Ross. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Sophia D. Mills appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

did not personally witness the mother's substance abuse but was aware that the substance abuse was occurring. The petitioner also testified that he had recently been released from serving six months of incarceration for using methamphetamine while on parole, with his arrest occurring shortly after the child was born. Based on the evidence, the court adjudicated the petitioner as an abusing and neglecting parent due to his substance abuse. The court further ordered the petitioner to submit to drug screening and other services in Monongalia County, where he had indicated he was moving, and denied supervised visitation until the petitioner demonstrated compliance with services.

The circuit court proceeded to disposition in January 2024, where the DHS and guardian supported termination of the petitioner's parental rights. The court heard testimony from a DHS worker, who stated that the petitioner failed to participate in court-ordered services following the adjudicatory hearing and stopped communicating with the DHS in late November 2023. The DHS worker stated that the petitioner had not contacted him until the morning of the January hearing and, after learning of the DHS's position, asked for a second chance. The DHS worker also testified that the DHS had reason to believe that the petitioner was living with the mother, who previously had her parental rights to the child terminated. The petitioner requested additional time to be able to participate and comply with services. Based on the foregoing, the court found that the petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect and that the child did not have a bond with the petitioner. The court further found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that it was in the child's best interests to terminate the petitioner's parental rights. Accordingly, the court terminated the petitioner's parental rights to C.R.[3] It is from this dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred in terminating his parental rights without providing him the opportunity to rectify the conditions underlying the petition. We disagree, as the record shows that the petitioner willfully refused to participate in remedial services when given the opportunity.

As we have explained, "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Id.* at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (quoting Syl. Pt. 1, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). We further explained that "this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." *Id.* Here, the petitioner merely speculates that he could have improved if granted more time,[4] yet he fails to recognize his lack of compliance during

---

[3] The mother's parental rights were also terminated. The permanency plan for C.R. is adoption in the current placement.

[4] To the extent that the petitioner argues that the circuit court should have granted him an improvement period, we have held that "[a] circuit court may not grant a[n] . . . improvement

the opportunity he was granted. Critically, the petitioner does not challenge the findings contained in the circuit court's February 1, 2024, order in support of disposition. West Virginia Code § 49-4-604(c)(6) authorizes a circuit court to terminate the parental rights of an abusing parent "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." As noted above, the court had ample evidence upon which to base these findings, including the petitioner's failure to communicate with the DHS or otherwise engage in remedial services. As such, we conclude that the DHS satisfied the applicable burden to support termination. *See* Syl. Pt. 3, *State v. C.N.S.*, 173 W. Va. 651, 319 S.E.2d 775 (1984) ("The State must produce clear and convincing evidence that there is 'no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future' before a circuit court may sever the custodial rights of the natural parents . . . ."). Accordingly, the record supports the circuit court's termination of the petitioner's parental rights to C.R.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 1, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

---

period under W. Va. Code § 49-4-610(2) . . . unless the [parent] files a written motion requesting the improvement period." Syl. Pt. 4, in part, *State ex rel. P.G.-1 v. Wilson*, 247 W. Va. 235, 878 S.E.2d 730 (2021). The petitioner cites to no portion of the record in which he filed a written motion requesting an improvement period, in violation of Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure. As such, the petitioner's argument on this basis is without merit.